# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 07-425 |
| | ) | Judge Nora Barry Fischer |
| JAMES RAYMOND ZWICK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court are two filings submitted by *pro se* Defendant James Raymond Zwick on March 5, 2012 titled "Notice of Petition" along with various attachments.[1] (Docket Nos. 74, 75). This Court construes Defendant's filings as: (1) a motion for relief under 28 U.S.C. § 2255 requesting that the Court modify and reduce his sentence from 77 months incarceration to 65 months under Guideline § 5G1.3; and, (2) a motion for an order directing the Bureau of Prisons Designation and Sentence Computation Center to grant him presentence custody credit equivalent to the entire time that he spent in presentence custody in this case. (*Id.*). Upon consideration of Defendant's arguments, his Motions [74], [75] are DENIED. In so holding, the Court notes the following.

Defendant previously raised similar arguments in a § 2255 motion filed through his appointed counsel Frank Arcuri, Esquire, where he contended that his sentencing was unconstitutional and further maintained that he should be awarded additional credit for the time he served in presentence custody. (Docket Nos. 59, 60). After considering Defendant's position and the Government's opposition to same, the Court denied Defendant's § 2255 motion and held

---

[1] The Court notes that the attachments to Defendant's filings include a number of certifications demonstrating that Defendant has participated in and completed several programs while in the custody of the Bureau of Prisons. (*See* Docket No. 75). Although these certifications have no bearing on the Court's disposition of the present motions, *see infra*, the Court commends Defendant for his participation and encourages him to continue to be actively involved in such programs during the remainder of his sentence.

1

that he was not entitled to resentencing or a modification of his sentence under § 2255. (Docket No. 67); *United States v. Zwick*, Cr. No. 07-425, Civ. No. 10-1449, 2011 WL 666182 (W.D.Pa. Feb. 14, 2011). This Court further held that it was without jurisdiction to decide whether the additional presentence credit Defendant sought was warranted because any such challenge to the Bureau of Prisons' calculation of presentence credit must be brought under 28 U.S.C. § 2241 against the warden of the federal correctional institution in the judicial district where Defendant was incarcerated, the Middle District of Pennsylvania. *Zwick*, 2011 WL 666182, at *13. Defendant appealed this Court's decision and the United States Court of Appeals for the Third Circuit recently denied his request for a certificate of appealability. (Docket No. 73). In its Order, the Court of Appeals noted that Defendant failed to demonstrate that "jurists of reason would find the District Court's decision debatable or wrong." (*Id.* at 2). Thus, this Court's denial of Defendant's § 2255 motion is a final decision that will not be further reviewed by the Court of Appeals. (*Id.*).

To the extent that Defendant again seeks resentencing or a modification of his sentence under § 2255, Defendant is statutorily barred from pursuing a second or successive § 2255 petition in this Court absent certification from the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 2255(h) ("a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Defendant's filings demonstrate that he has not sought such certification and, even if he had, certification would not be warranted given the Court of Appeals' recent denial of a certificate of appealability in this case. (*See*

Docket Nos. 73, 74, 75). To this end, the Court of Appeals refused to consider this Court's rulings which specifically rejected Defendant's present arguments and held that Defendant was not eligible for a downward departure under Guideline § 5G1.3 because the state and federal sentences that he believes should run concurrently are not considered related offenses under the Guidelines. *Zwick*, 2011 WL 666182 at *15-16. Accordingly, Defendant's § 2255 motions must be denied because his claims that he is entitled to resentencing and a modification of his sentence are statutorily barred and are otherwise without merit.[2]

To the extent that Defendant's present motions again challenge the Bureau of Prisons' calculation of presentence credit and the length of time he must serve in custody as a result of the sentence of 77 months' incarceration imposed in this case, this Court remains without jurisdiction to consider these arguments. *Zwick*, 2011 WL 666182, at *13. Indeed, Defendant followed this Court's instructions in its prior decision and brought the proper motion under 28 U.S.C. § 2241 in the Middle District of Pennsylvania against the warden of the federal correctional institution where he is incarcerated, USP-Canaan. *See Zwick v. Holt*, Civ. No. 11-629, 2011 WL 6151459 (M.D.Pa. Dec. 11, 2011). However, the Honorable William W. Caldwell of the United States District Court for the Middle District of Pennsylvania denied his petition for habeas relief on December 11, 2011. (*Id.*). This Court does not have jurisdiction to review any decision of another District Judge and the Court of Appeals is the proper venue to challenge the District Court's Order denying Defendant's habeas petition. *See Gagliardi v. Standish*, 2011 WL 2410989, at *1 (3d Cir. Jun. 16, 2011) ("A district court lacks jurisdiction to adjudicate collateral challenges in the nature of appeals."). Defendant is undoubtedly aware that such challenges must be brought to the Court of Appeals as he has appealed Judge Caldwell's

---

[2] Defendant's § 2255 motion is also likely time-barred as it was clearly filed outside of the one-year statute of limitations for the filing of such motions. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.").

decision to the United States Court of Appeals for the Third Circuit and that appeal remains pending. *See Zwick v. Holt*, C.A. No. 11-4529 (3d Cir. filed Dec. 22, 2011). Therefore, this Court lacks jurisdiction to consider Defendant's arguments regarding the calculation of presentence credits and his motions challenging same must be denied.

For these reasons, Defendant's Motions [74], [75] are DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: March 7, 2012

cc/ecf: All counsel of record

cc: James Raymond Zwick, *pro se*
     09724-068
     U.S.P. Canaan
     P.O. Box 300
     Waymart, PA 18472